## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patricia Asbury<br>4049 Heath Rd.<br>Finleyville, PA 15332 | Case No._____ |
| Richard Barna<br>1245 Flatwoods Rd.<br>Vanderbilt, PA 15486 | **COMPLAINT** |
| Michelle Bavin<br>5429 Sunset View Drive<br>Monongahela, PA 15063 | **JURY TRIAL DEMANDED** |
| Elmer Beam<br>1976 Gill Hall Rd.<br>Finleyville, PA 15332 | |
| Robert Belluso<br>1206 Thomas St.<br>Monongahela, PA 5063 | |
| Rhonda and Kevin Blazer,<br>as husband and wife<br>4737 Williamsport Road<br>Monongahela, PA 15063 | |
| Dennis Brain<br>4016 Finleyville Elrama Rd.<br>Finleyville, PA 15332 | |
| Chad and Lisa Buczynski,<br>as husband and wife<br>26 Harvest Lane<br>Finleyville, PA 15332 | |
| David Burcin<br>2014 Knight Road<br>Finleyville, PA 15332 | |
| Aaron and Deborah Busch,<br>as husband and wife<br>1929 Gill Hall Road<br>Finleyville, PA 15332 | |

Shelley Caldwell
48 Aber Road
Finleyville, PA 15332

Craig Caldwell
700 Port Street #136
Easton, MD 21601

Christopher and Maria Capicotto,
as husband and wife
126 Coal Bluff Road
Finleyville, PA 15332

William Carson
2006 Knight Road
Finleyville, PA 15332

Dennis Cebasek
52 Aber Road
Finleyville, PA 15332

Lorraine Checque
3912 Finleyville-Elrama Rd.
Finleyville, PA 15332

Patrick and Lauren Conley,
as husband and wife
110 Lobbs Run Road
Finleyville, PA 15332

Mark and Joan Coulson,
as husband and wife
4033 Heath Rd.
Finleyville, PA 15332

Donald Cover
5423 Sunset View Drive
Monongahela, PA 15063

Jeffrey Cramer
133 Lobbs Run Rd.
Finleyville, PA 15332

Charles Cramer
181 Gilmore Rd.
Finleyville, PA 15332

Dona Curti
339 Stone Church Road
Finleyville, PA 15332

James and Elizabeth Deanovich,
as husband and wife
1417 Marion Dr.
Finleyville, PA 15332

Donald and Eileen Degenhardt,
as husband and wife
4045 Heath Rd.
Finleyville, PA 15332

Ed and Mary Delenko,
as husband and wife
4041 Heath Rd.
Finleyville, PA 15332

Nicola and Tammy DiLiscia,
as husband and wife
115 Coal Bluff Rd.
Finleyville, PA 15332

Jacqueline Doyle
1967 Gill Hall Road
Finleyville, PA 15332

James and Janet Duran,
as husband and wife
15 Snowden Rd.
Finleyville, PA 15332

Elizabeth Baptist Church
735 Bunola Rive Rd.
Elizabeth, PA  15037

Kirk Fazio
1940 Gill Hall Rd.
Finleyville, PA 15332

Richard Fink
430 Stone Church Road
Finleyville, PA 15332

Robert and Leah Fink,
as husband and wife
4056 Heath Rd.
Finleyville, PA 15332

Brian and Nancy Geary,
as husband and wife
1945 Gill Hall Rd.
Finleyville, PA 15332

Daniel and Brenda Gillard,
as husband and wife
144 Coal Bluff Rd.
Finleyville, PA 15332

Andrew and Beth Grese,
as husband and wife
5427 Sunset View Drive
Monongahela, PA 15063

Joseph and Amy Hebda,
as husband and wife
69 Duncan Station Rd.
McKeesport, PA 15135

Mary Lou Hohman
6 Aber Rd.
Finleyville, PA 15332

Alexander Hauptmann
339 Stone Church Road
Finleyville, PA 15332

James Hresko
409 Stone Church Rd.
Finleyville, PA 15332

Lynn Janiga
5 Snowden Rd.
Finleyville, PA 15332

Robert Jasko
403 Stone Church Rd.
Finleyville, PA 15332

Loren and Janie Jerome,
as husband and wife
1920 Gill Hall Rd.
Finleyville, PA15332

James Johnston
PO Box 171
Gastonville, PA 15336

Susan Joyce
3648 Oakleaf Road
Pittsburgh, PA 15227

Robert Kerns
1900 Gill Hall Road
Finleyville, PA 15332

Fred and Della Kress,
as husband and wife
106 Lobbs Run Road
Finleyville, PA 15332

Brenda and Duane Lasich,
as husband and wife
29 Bay Lane
Finleyville, PA 15332

John and Christina Laslo
74 Aber Rd.
Finleyville, PA 15332

Domenic Laudato, Jr.
1973 Gill Hall Rd.
Finleyville, PA 15332

Edward Letender
22 Aber Rd.
Finleyville, PA 15332

Linda Losee
1924 Gill Hall Rd.
Finleyville, PA 15332

Ronald and Tracy Lovrich,
as husband and wife
3993 Lori J. Circle
Monongahela, PA 15063

Vito and Sandra Luci,
as husband and wife
2321 Woodstock Avenue
Pittsburgh, PA 15218

John Lytle
665 Darcy Lane
Monongahela, PA 15063

Cathy Malingowski
1949 Gill Hall Rd.
Finleyville, PA 15332

Lawrence and Karen Maple,
as husband and wife
4235 Finleyville-Elrama Rd.
Finleyville, PA 15332

William Mattes
93 Lobbs Run Road
Finleyville, PA 15332

Amy and Jack Matyas,
as husband and wife
1841 Gill Hall Rd.
Finleyville, PA 15332

Ron Mesing
2000 Ridge Road
Finleyville, PA 15332

James and Rebecca Mesing,
as husband and wife
1805 Gill Hall Rd.
Finleyville, PA 15332

Stacey Monahan
28 Aber Rd.
Finleyville, PA 15332

George Moresea Jr.
1203 Walton Rd.
Floreffe, PA 15025

Brigittz and George Moresea III,
as husband and wife
1232 Ashwood Rd.
Akron, OH 44312

John and Kathie Neidermeyer,
as husband and wife
103 Bickerton Lane
Finleyville, PA 15332

Donald and Julia Newton,
as husband and wife
1953 Gill Hall Rd.
Finleyville, PA 15332

Joel Niecgorski
1916 Gill Hall Rd
Finleyville, PA 15332

Gene Opler
4875 Williamsport Rd.
Elizabeth, PA 15037

Michael Otto
1968 Gill Hall Rd.
Finleyville, PA 15332

Jeffrey and Joann Paisley,
as husband and wife
1956 Gill Hall Rd.
Finleyville, PA 15332

Roger Patterson
2049 Walton Road
Finleyville, PA 15332

Helene and Ron Patterson,
as husband and wife
2760 Ridge Road
Finleyville, PA 15332

William and Betty Petre,
as husband and wife
4009 Heath Rd.
Finleyville, PA 15332

Keith Polick
205 Tangelo Dr.
Jefferson Hills, PA 15025

Kevin and Paige Polick,
as husband and wife
2030 Knight Road
Finleyville, PA 15332

Joseph and Nancy Raposky,
as husband and wife
155 Lobbs Run Road
Finleyville, PA 15332

Thomas Reese, Jr.
87 Pumkin Center Rd.
Finleyville, PA15332

Jeff Robis
2015 Knight Road
Finleyville, PA 15332

Vicki and John Rumbaugh,
as husband and wife
86 Lobbs Run Rd.
Finleyville, PA 15332

Joseph and Darla Savko,
as husband and wife
68 Aber Road
Finleyville, PA 15332

W.G. Siemon
3300 Silen Dr.
Finleyville, PA 15332

William Siemon
3112 Siler Dr.
Finleyville, PA 15332

Randy Skrinjorich
141 Lobbs Run Road
Finleyville, PA 15332

Donald R. Stanich
5419 Sunset View Drive
Monongahela, PA 15063

James and Charlotte Sullivan,
as husband and wife
407 Stone Church Road
Finleyville, PA 15332

Bonnie Swisher
1305 Lytle Rd.
Monongahela, PA 15063

Jacqueline and Lawrence Tepe,
as husband and wife
5055 Walton Rd.
Finleyville, PA 15332

William Tomosky
5 Saw Mill Rd.
Finleyville, PA 15332

Les and Jacqueline Toth,
as husband and wife
136 Taylor Run Road
Monongahela, PA 15063

Richard Toth
95 Pumpkin Center Rd.
Finleyville, PA 15332

Ned Trbovich
2018 Oak Street
Jefferson Hills, PA 15025

Joseph and Carolyn Uhlyar,
as husband and wife
210 Glendale Drive
Clairton, PA 15025

Joe and Sandy Uhlyar,
as husband and wife
1961 Gill Hall Rd.
Finleyville, PA 15332

Maragaret Uranker
1908 Gill Hall Rd.
Finleyville, PA 15332

Donald and Deborah Voland,
as husband and wife
209 Glendale Drive
Jefferson Hills, PA 15025

Brian Waterkotte
1916 Gill Hall Rd.
Finleyville, PA 15332

Betsy White
1630 8th Ave., Apt #3
Brooklyn, NY 11215

Kevin Withers
1823 Gill Hall Rd.
Finleyville, PA 15332

Wayne and Laura Worton,
as husband and wife
60 Aber Rd.
Finleyville, PA 15332

Ronald Joseph Yeckel
4880 Williamsport Rd.
Elizabeth, PA15037

Raymond and Lynnette Zajac,
as husband and wife
218 Ben Til Dr.
Pittsburgh, PA 15236

Jason Zebrowski
1837 Gill Hall Rd.
Finleyville, PA 15332

Ralph and Paula Zimmerman,
as husband and wife
2248 RT 51
Jefferson Hills, PA 15025

    PLAINTIFFS

    vs.

EQT CORPORATION, EQUITRANS, L.P.,
EQT PRODUCTION COMPANY, and
EQT MIDSTREAM PARTNERS, L.P.,

    DEFENDANTS

## **COMPLAINT**

Plaintiffs, Patricia Asbury; Richard Barna; Michelle Bavin; Elmer Beam; Robert Belluso; Rhonda and Kevin Blazer, as husband and wife; Dennis Brain; Chad and Lisa Buczynski, as husband and wife; David Burcin; Aaron and Deborah Busch, as husband and wife; Shelley Caldwell; Craig Caldwell; Christopher and Maria Capicotto, as husband and wife; William Carson; Dennis Cebasek; Lorraine Checque; Patrick and Lauren Conley, as husband and wife; Mark and Joan Coulson, as husband and wife; Donald Cover; Jeffrey Cramer; Charles Cramer; Dona Curti; James and Elizabeth Deanovich, as husband and wife; Donald and Eileen Degenhardt, as husband and wife; Ed and Mary Delenko, as husband and wife; Nicola and Tammy DiLiscia, as husband and wife; Jacqueline Doyle; James and Janet Duran, as husband and wife; Elizabeth Baptist Church; Kirk Fazio; Richard Fink; Robert and Leah Fink, as husband and wife; Brian and Nancy Geary, as husband and wife; Daniel and Brenda Gillard, as husband and wife; Amy Gove; Andrew and Beth Grese, as husband and wife; Joseph and Amy Hebda, as husband and wife; Mary Lou Hohman; Alexander Houptmann; James Hresko; Lynn Janiga; Robert Jasko; Loren and Janie Jerome, as husband and wife; James Johnston; Susan Joyce;

Robert Kerns; Fred and Della Kress, as husband and wife; Brenda and Duane Lasich, as husband and wife; John and Christina Laslo; Domenic Laudato, Jr.; Edward Letender; Linda Losee; Ronald and Tracy Lovrich,as husband and wife; Vito and Sandra Luci, as husband and wife; John Lytle; Cathy Malingowski; Lawrence and Karen Maple, as husband and wife; William Mattes; Amy and Jack Matyas, as husband and wife; Ron Mesing; James and Rebecca Mesing, as husband and wife; Stacey Monahan; George Moresea Jr.; Brigittz and George Moresea III, as husband and wife; John and Kathie Neidermeyer, as husband and wife; Donald and Julia Newton, as husband and wife; Joel Niecgorski; Gene Opler; Michael Otto; Jeffrey and Joann Paisley, as husband and wife; Roger Patterson; Helene and Ron Patterson, as husband and wife; William and Betty Petre, as husband and wife; Keith Polick; Kevin and Paige Polick, as husband and wife; Joseph and Nancy Raposky, as husband and wife; Thomas Reese, Jr.; Jeff Robis; Vicki and John Rumbaugh, as husband and wife; Joseph and Darla Savko, as husband and wife; W.G. Siemon; William Siemon; Randy Skrinjorich; Donald R. Stanich; James and Charlotte Sullivan, as husband and wife; Bonnie Swisher; Jacqueline and Lawrence Tepe, as husband and wife; William Tomosky; Richard Toth; Les and Jacqueline Toth, as husband and wife; Ned Trbovich; Joseph and Carolyn Uhlyar, as husband and wife; Joe and Sandy Uhlyar, as husband and wife; Maragaret Uranker; Donald and Deborah Voland, as husband and wife; Brian Waterkotte; Betsy White; Kevin Withers; Wayne and Laura Worton, as husband and wife; Ronald Joseph Yeckel; Raymond and Lynnette Zajac, as husband and wife; Jason Zebrowski; Ralph and Paula Zimmerman, as husband and wife, (collectively "Plaintiffs") state for their Complaint against EQT Corporation, Equitrans, L.P., EQT Production Company, and EQT Midstream Partners, L.P., (collectively "Defendant") as follows:

## PARTIES

1.    Plaintiff, Patricia Asbury, is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-K-00007-0000-00 (Allegheny County).

2.    Plaintiff, Richard Barna, is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-C-00120-0000-00 (Allegheny County); 1276-D-00002-0000-00 (Allegheny County); 0881-P-00272-0000-00 (Allegheny County); 0881-P-00270-0000-00 (Allegheny County); 0881-K-00050-0000-00 (Allegheny County); 0881-K-00075-0000-00 (Allegheny County); 0881-K-00053-0000-00 (Allegheny County).

3.    Plaintiff, Michelle Bavin, is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1909-B-00196-0000-00 (Allegheny County).

4.    Plaintiff, Elmer Beam, is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-G-00040-0000-00 (Allegheny County).

5.    Plaintiff, Robert Belluso, is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 160-011-00-00-0001-01A (Washington County); 440-029-00-00-0002-00 (Washington County); 440-029-00-00-0001-00 (Washington County).

6.    Plaintiff, Rhonda and Kevin Blazer, as husband and wife, and Ronald and Tracy Lovrich, as husband and wife; are the co-owners of the property with the following tract numbers

and which is the property subject to the allegations stated herein: 1737-E-00190-0000-00 (Allegheny County).

      7.     Plaintiff, Dennis Brain, is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-005-00-00-0026-07 (Washington County).

      8.     Plaintiff, Chad and Lisa Buczynski, as husband and wife; 640-008-00-00-0048-00 (Washington County); 640-008-00-00-0048-01 (Washington County).

      9.     Plaintiff, David Burcin; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-G-00063-0000-00 (Allegheny County).

     10.    Plaintiff, Aaron and Deborah Busch, as husband and wife; 1276-D-00035-0000-00 (Allegheny County).

     11.    Plaintiff, Shelley Caldwell and Craig Caldwell, are co-owners of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0013-00 (Washington County).

     12.    Plaintiff, Christopher and Maria Capicotto, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-008-00-00-0063-01 (Washington County).

     13.    Plaintiff, William Carson; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-C-00064-0000-00 (Allegheny County).

4

14.    Plaintiff, Dennis Cebasek; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0009-00 (Washington County).

15.    Plaintiff, Lorraine Checque; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-005-00-00-0026-08 (Washington County); 640-005-00-00-0026-06 (Washington County); 640-005-00-00-0026-09 (Washington County).

16.    Plaintiff, Patrick and Lauren Conley, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0017-00 (Washington County).

17.    Plaintiff, Mark and Joan Coulson, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-J-00026-0000-00 (Allegheny County); 1136-J-00024-0000-00 (Allegheny County).

18.    Plaintiff, Donald Cover; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1909-B-00216-0000-00 (Allegheny County).

19.    Plaintiff, Jeffrey Cramer; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0014-00 (Washington County).

20.    Plaintiff, Charles Cramer; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-008-02-01-0001-00 (Washington County).

21.     Plaintiff, Dona Curti and Alexander Hauptmann; are the co-owners of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-005-00-00-0008-01 (Washington County); 1137-P-0035-0000 (Allegheny County); 1137-P-0030-0000 (Allegheny County).

22.     Plaintiff, James and Elizabeth Deanovich, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1003-N-00249-0000-00 (Allegheny County).

23.     Plaintiff, Donald and Eileen Degenhardt, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-K-00005-0000-00 (Allegheny County).

24.     Plaintiff, Ed and Mary Delenko, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-J-00010-0000-00 (Allegheny County); 1136-K-00021-0000-00 (Allegheny County).

25.     Plaintiff, Nicola and Tammy DiLiscia, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-008-00-00-0050-00 (Washington County); 640-008-00-00-0049-00 (Washington County).

26.     Plaintiff, Jacqueline Doyle; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-C-00060-0000-00 (Allegheny County).

27.    Plaintiff, James and Janet Duran, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-005-00-00-0014-01 (Washington County).

28.    Plaintiff, Elizabeth Baptist Church; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1272-E-00338-0000-00 (Allegheny County).

29.    Plaintiff, Kirk Fazio; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-C-00132-0000 (Allegheny County).

30.    Plaintiff, Richard Fink; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0012-00 (Washington County).

31.    Plaintiff, Robert and Leah Fink, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1275-R-00025-0000-00 (Allegheny County); 1275-L-00030-0000-00 (Allegheny County); 640-006-00-00-0031-00 (Washington County); 1136-N-00260-0000-00 (Allegheny County); 640-001-08-99-001-03 (Washington County).

32.    Plaintiff, Brian and Nancy Geary, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-C-00102-0000-00 (Allegheny County).

33.    Plaintiff, Daniel and Brenda Gillard, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-008-00-00-0064-00 (Washington County).

7

34.    Plaintiff, Andrew and Beth Grese, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1909-B-00206-0000-00 (Allegheny County).

35.    Plaintiff, Joseph and Amy Hebda, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1274-J-00010-0000-00 (Allegheny County); 1274-N-00102-0000-00 (Allegheny County).

36.    Plaintiff, Mary Lou Hohman; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0008-00 (Washington County).

37.    Plaintiff, James Hresko; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-005-25-00-2006-00 (Washington County).

38.    Plaintiff, Lynn Janiga; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-005-00-00-0015-02 (Washington County).

39.    Plaintiff, Robert Jasko; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-005-05-00-0004-00 (Washington County).

40.    Plaintiff, Loren and Janie Jerome, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1137-S-00010-0000-00 (Allegheny County).

41.     Plaintiff, James Johnston; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-008-09-99-0024-1 (Washington County); 640-008-00-00-0024-00 (Washington County).

42.     Plaintiff, Susan Joyce and Mary Ellen Lytle; are the co-owners of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1909-A-00218-0000-00 (Allegheny County).

43.     Plaintiff, Robert Kerns; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1137-S-00090-0000-00 (Allegheny County).

44.     Plaintiff, Fred and Della Kress, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0016-00 (Washington County).

45.     Plaintiff, Brenda and Duane Lasich, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-008-00-00-0027-00 (Washington County).

46.     Plaintiff, John and Christina Laslo; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0011-00 (Washington County).

47.     Plaintiff, Domenic Laudato, Jr.; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-G-00090-0000-00 (Allegheny County); 1276-D-00102-0000-00 (Allegheny County).

48.     Plaintiff, Edward Letender; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-008-01 (Washington County); 640-006-00-00-008-02 (Washington County).

49.     Plaintiff, Linda Losee; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1137-S-00006-0000-00 (Allegheny County).

50.     Plaintiff, Vito and Sandra Luci, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 0881-H-00280-0000-00 (Allegheny County).

51.     Plaintiff, John Lytle; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1909-E-00038-0000-00 (Allegheny County).

52.     Plaintiff, Cathy Malingowski; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-D-00025-0000-00 (Allegheny County).

53.     Plaintiff, Lawrence and Karen Maple, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-008-030-000-1600 (Washington County).

54.     Plaintiff, William Mattes; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0013-01 (Washington County).

55.    Plaintiff, Amy and Jack Matyas, as husband and wife; were the owners, and Betsy White is the current owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-J-00260-0000-01 (Allegheny County).

56.    Plaintiff, Ron Mesing; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-E-00180-0000-00 (Allegheny County); 1136-E-00090-0000-00 (Allegheny County).

57.    Plaintiff, James and Rebecca Mesing, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-E-00170-0000-00 (Allegheny County).

58.    Plaintiff, Stacey Monahan; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-007-00 (Washington County).

59.    Plaintiff, George Moresea Jr.; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1274-M-00115-0000-00 (Allegheny County).

60.    Plaintiff, Brigittz and George Moresea III, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1274-M-00110-0000-00 (Allegheny County).

61.    Plaintiff, John and Kathie Neidermeyer, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0024-01 (Washington County).

62.    Plaintiff, Donald and Julia Newton, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-C-00098-0000-00 (Allegheny County).

63.    Plaintiff, Joel Niecgorski and Brian Waterkotte, are the co-owners of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1137-S-00020-0000-00 (Allegheny County).

64.    Plaintiff, Gene Opler; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1419-C-00217-0000-00 (Allegheny County).

65.    Plaintiff, Michael Otto; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-C-00184-0000-00 (Allegheny County).

66.    Plaintiff, Jeffrey and Joann Paisley, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-C-00168-0000-00 (Allegheny County).

67.    Plaintiff, Roger Patterson; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1135-N-00102-0000-00 (Allegheny County); 1135-N-00118-0000-00 (Allegheny County); 1135-N-00124-0000-00 (Allegheny County).

68.    Plaintiff, Helene and Ron Patterson, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1135-J-00190-0000-00 (Allegheny County).

12

69.    Plaintiff, William and Betty Petre, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-J-00180-0000-00 (Allegheny County).

70.    Plaintiff, Keith Polick; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-E-00200-0000-00 (Allegheny County).

71.    Plaintiff, Kevin and Paige Polick, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-K-00050-0000-00 (Allegheny County).

72.    Plaintiff, Joseph and Nancy Raposky, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0040-00 (Washington County); 640-006-00-00-0040-01 (Washington County).

73.    Plaintiff, Thomas Reese, Jr.; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0030-02 (Washington County).

74.    Plaintiff, Jeff Robis; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-H-00142-0000-00 (Allegheny County).

75.    Plaintiff, Vicki and John Rumbaugh, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0015-00 (Washington County).

76.     Plaintiff, Joseph and Darla Savko, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0010-00 (Washington County).

77.     Plaintiff, W.G. Siemon; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1135-G-00040-0000-00 (Allegheny County).

78.     Plaintiff, William Siemon; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1004-L-00190-0000-00 (Allegheny County).

79.     Plaintiff, Randy Skrinjorich; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0013-02 (Washington County).

80.     Plaintiff, Donald R. Stanich; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1909-B-00226-0000-00 (Allegheny County).

81.     Plaintiff, James and Charlotte Sullivan, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-005-00-00-0005-00 (Washington County).

82.     Plaintiff, Bonnie Swisher; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 2089-D-00087-0000-00 (Allegheny County).

83.     Plaintiff, Jacqueline and Lawrence Tepe, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1134-E-00032-0000-00 (Allegheny County).

84.     Plaintiff, William Tomosky; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-008-04-00-0006-00 (Washington County).

85.     Plaintiff, Les and Jacqueline Toth, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0030-00 (Washington County).

86.     Plaintiff, Richard Toth; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0030-01 (Washington County).

87.     Plaintiff, Ned Trbovich; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 881-P-00210-0000-00 (Allegheny County); 881-P-00125-0000-00 (Allegheny County); 881-P-00121-0000-00 (Allegheny County); 881-P-00117-0000-00 (Allegheny County); 881-P-00085-0000-00 (Allegheny County); 1004-B-00060-0000-00 (Allegheny County).

88.     Plaintiff, Joseph and Carolyn Uhlyar, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1276-C-00090-0000-00 (Allegheny County); 0765-F-00094-0000-00 (Allegheny County); 0765-F-00098-0000-00 (Allegheny County).

89.     Plaintiff, Joe and Sandy Uhlyar, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated

15

herein: 1276-C-00094-0000-00 (Allegheny County); 1276-C-00096-0000-00 (Allegheny County).

90.    Plaintiff, Maragaret Uranker; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1137-S-00050-0000-00 (Allegheny County).

91.    Plaintiff, Donald and Deborah Voland, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 0765-K-00003-0000-00 (Allegheny County); 0765-K-00001-0000-00 (Allegheny County); 0765-F-00005-0000-00 (Allegheny County); 0765-F-00007-0000-00 (Allegheny County); 0765-F-00106-0000-00 (Allegheny County).

92.    Plaintiff, Kevin Withers; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-J-00300-0000-00 (Allegheny County).

93.    Plaintiff, Wayne and Laura Worton, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 640-006-00-00-0009-01 (Washington County).

94.    Plaintiff, Ronald Joseph Yeckel; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1419-C-00374-0000-00 (Allegheny County).

95.    Plaintiff, Raymond and Lynnette Zajac, as husband and wife; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 0881-R-00046-0000-00 (Allegheny County); 0881-P-00100-0000-00 (Allegheny County).

96.     Plaintiff, Jason Zebrowski; is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1136-J-00280-0000-00 (Allegheny County).

97.     Plaintiff, Ralph and Paula Zimmerman, as husband and wife, is the owner of the property with the following tract numbers and which is the property subject to the allegations stated herein: 1134-H-00190-0000-00 (Allegheny County); 1134-C-00162-0000-00 (Allegheny County); 1136-C-00066-0000-00 (Allegheny County); 1136-B-00160-0000-00 (Allegheny County).

98.     Defendant, EQT CORPORATION, is a Pennsylvania business corporation with a principal place of business at 625 Liberty Avenue, Suite 1700, Pittsburgh, Pennsylvania 15222.

99.     Defendant, EQUITRANS, L.P., is a limited liability partnership with a principal place of business at 625 Liberty Avenue, Suite 1700, Pittsburgh, Pennsylvania 15222.

100.     Defendant, EQT PRODUCTION COMPANY, is a Pennsylvania corporation with a principal place of business at 625 Liberty Avenue, Suite 1700, Pittsburgh, Pennsylvania 15222.

101.     Defendant, EQT MIDSTREAM PARTNERS, L.P., is a limited liability partnership with a principal place of business at 625 Liberty Avenue, Suite 1700, Pittsburgh, Pennsylvania 15222.

## JURISDICTION AND VENUE

102.     This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and the Natural Gas Act, 15 U.S.C. §717 et seq., and the value of the property interests at issue exceeds $3,000. Federal jurisdiction exists over claims asserted herein that are not within the Court's original jurisdiction under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as those claims form part of the same case or controversy under Article III of the United

States Constitution as the federal cause of action. This Court has personal jurisdiction over Defendant by virtue of its substantial contacts with the State of Pennsylvania.

103.     Venue is appropriate in this district under 28 U.S.C. §§ 1391(b)(1) and 1403.

## RELEVANT FACTS

104.     Defendant is engaged in the business of transporting and storing natural gas in interstate commerce under authorization granted by, and subject to the jurisdiction of, the Federal Energy Regulatory Commission ("FERC"). Defendant's facilities include natural gas pipeline network located in Pennsylvania.

105.     Defendant's facilities also include underground gas storage fields. In Pennsylvania, Defendant operates at least six (6) underground storage fields: the Bunola Field in Allegheny and Washington counties; the Finleyville Field in Washington County; the Hunter's Cave Field in Greene County, the Pratt Field in Greene and Washington counties, the Swarts and Swarts West Field in Greene County, and the Tepe Field in Allegheny County (the "Gas Storage Fields"). By information and belief, each of the listed Plaintiffs owns property within one of these fields.

106.     The Defendant began natural gas storage operations in the Bunola Field in 1938.

107.     The Defendant began natural gas storage operations in the Finleyville Field in 1936.

108.     The Defendant began natural gas storage operations in the Hunter's Cave Field in 1943.

109.     The Defendant began natural gas storage operations in the Pratt Field in 1957.

110.     The Defendant began natural gas storage operations in the Swarts and Swarts West Field in 1949.

111.    The Defendant began natural gas storage operations in the Tepe Field at an unknown date, but Defendant may have acquired it from Pittsburg & West Virginia Gas Co. along with the Finleyville Field and initiated operations in 1951.

112.    The Defendant has been storing natural gas in the Gas Storage Fields continuously and uninterrupted since Defendant took possession and ownership of the Fields, respectively.

113.    Each of the storage fields Defendant operates in Pennsylvania is a naturally occurring geologic formation consisting of porous and permeable rock formations existing below the surface.

114.    Defendant injects natural gas (termed "storage gas") into these storage fields when gas demand is low and withdraws storage gas when demand is high.

115.    During the process of injecting and removing storage gas, Defendant also removes some quantity of "native gas" that pre-existed Defendant's injection of storage gas into the formation.

**THE FERC CERTIFICATE PROCESS**

116.    Defendant is an interstate natural gas company as defined by § 717a(6) and (7) of the Natural Gas Act, 15 U.S.C. § 717 et seq. As such, Defendant is subject to the jurisdiction of FERC.

117.    In order to store natural gas in underground storage fields, Defendant must first obtain a Certificate of Public Convenience and Necessity (a "Certificate") from FERC, after notice and a hearing.

118.    When FERC issues a Certificate for a storage field, it designates specific boundaries for the field, known as certificated boundaries. Typically, the certificated boundary

includes a designated buffer or perimeter zone. As used herein, the term storage field includes

any perimeter or buffer zone.

     119.    Defendant has Certificates for each of the six (6) Gas Storage Fields.

     120.    Section 717f(h) of the Natural Gas Act establishes that if a natural gas company

cannot reach agreement with a property owner on the compensation to be paid for the use of the

property for storage gas or acquired those rights by contract, it has the power of eminent domain:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

     121.    Obtaining a FERC Certificate is a necessary predicate step that gives natural gas

companies like the Defendant the power and obligation to negotiate with property owners for the

use of their properties as part of a natural gas storage field.

     122.    Prior to the issuance of a Certificate, the Defendant has no rights with respect to

property within the boundaries of a storage field.

     123.    After the issuance of a Certificate, Defendant has no right to use any property

within the boundaries of a storage field, including for purposes of storing natural gas

underground, without paying just compensation. Pursuant to FERC, upon issuance of a

Certificate, Defendant was to attempt to reach agreement with the property owners as to the

compensation to be paid or to acquire its storage rights by contract. Under 15 U.S.C § 717f(h), if no agreement could be reached, Defendant then could acquire the storage rights through an eminent domain proceeding.

124.    Both before and after the issuance of a Certificate, Defendant has no right to use any property outside the certificated boundaries of a storage field.

125.    The certificated boundaries of the Gas Storage Fields are identified only to FERC and to the state of Pennsylvania, but are otherwise maintained in secrecy by the Defendant and are not available to the public or even to the persons or entities who own real property or mineral rights within the certificated boundaries.

126.    Defendant's secrecy regarding the boundaries of its Gas Storage Fields makes it impossible for Plaintiffs to know with certainty whether a Defendant storage field extends below their real property or any real property to which they hold mineral rights, thereby allowing Defendant to use the property without paying just compensation.

127.    Defendant maintains a record of all parcels of real property that lie within the certificated boundaries of the Gas Storage Fields, including the identities of the property owners. However, Defendant does not communicate with all property owners within the certificated boundaries of is gas storage fields in an effort to reach agreement on the compensation to be paid or to acquire the storage rights by contract, thereby allowing Defendant to improperly use the property without paying just compensation.

128.    Each of the listed Plaintiffs, upon information and belief, owns property that lies within the certificated boundaries of at least one of the Gas Storage Fields. Defendant has not, pursuant to Section 717f(h) of the Natural Gas Act, reached agreement with Plaintiffs on the compensation to be paid for the use of this property for storage of gas, has not acquired the

storage rights by contract, and has not acquired rights to the property by eminent domain, but proceeded to use the property for storage of gas nevertheless. As a result, Defendant has knowingly and wrongfully taken Plaintiffs' respective properties without paying just compensation.

129.    Defendant's actions have been taken knowingly and with a conscious disregard of the property rights of Plaintiffs.

## COUNT I: TRESPASS

130.    Plaintiffs incorporate by reference the preceding paragraphs as if fully rewritten herein.

131.    Defendant is storing and has stored natural gas beneath Plaintiffs' properties or is otherwise using those properties without the owners' permission.

132.    On information and belief, Defendant stored natural gas beneath the Plaintiffs' and the class members' properties before it obtained the necessary storage rights either by negotiation or by eminent domain.

133.    Defendant's invasion and use of the Plaintiffs' properties without their permission and without paying just compensation, whether before or after obtaining a FERC certificate, constitutes a continuing trespass.

134.    Defendant's continuing trespass was and is intentional and has been done with a conscious disregard for the property rights of Plaintiffs.

135.    As a result of Defendant's continuing trespass, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, including but not limited to increased costs to plug any existing wells, increased costs to drill through the storage fields to deeper geologic zones, diminution in the value of the mineral rights, the loss of the full use and

enjoyment of property, the loss of the commercial value of the property, the loss of the right to develop and produce the native gas and other minerals that exist there, and the value of the underground storage capacity and native gas Defendant has misappropriated.

## COUNT II: CONVERSION

136.    Plaintiffs incorporate by reference the preceding paragraphs as if fully rewritten herein.

137.    Defendant's removal of native gas from Plaintiffs' properties constitutes the wrongful exercise of dominion and control over Plaintiffs' properties to the exclusion of Plaintiffs' rights.

138.    Defendant's actions in removing native gas from Plaintiffs' properties constitutes the withholding of the native gas from their possession under a claim inconsistent with their rights.

139.    Defendant's actions have been taken knowingly and with a conscious disregard of the rights of Plaintiffs.

140.    As a result of Defendant's actions, Plaintiffs have been harmed in an amount to be proven at trial.

## COUNT III: UNJUST ENRICHMENT—USE OF PROPERTY FOR STORAGE

141.    Plaintiffs incorporate by reference the preceding paragraphs as if fully rewritten herein.

142.    A benefit has been conferred on Defendant by virtue of its use of the Plaintiffs' properties to store natural gas without just compensation to the property owners or holders of the mineral rights.

143.    Defendant has knowledge of the benefit it receives from the use of Plaintiffs' properties to store natural gas.

144.    Under the circumstances, Defendant is unjustly enriched and it is unfair for Defendant to retain the value it is receiving without paying Plaintiffs for their storage space.

## COUNT IV: UNJUST ENRICHMENT—OBTAINING PLAINTIFFS' NATIVE GAS WITHOUT COMPENSATION

145.    Plaintiffs incorporate by reference the preceding paragraphs as if fully rewritten herein.

146.    A benefit has been conferred on Defendant by virtue of its use of the Plaintiffs' properties to store natural gas because through such use Defendant obtains the native natural gas present on Plaintiffs' properties.

147.    Defendant has knowledge of the benefit it receives from the use of Plaintiffs' properties to obtain native natural gas.

148.    Under the circumstances, Defendant is unjustly enriched and it is unfair for Defendant to retain the value it is receiving without paying Plaintiffs for their native natural gas.

## COUNT V: INVERSE CONDEMNATION

149.    Plaintiffs incorporate by reference the preceding paragraphs as if fully rewritten herein.

150.    The Fifth Amendment to the United States Constitution provides, in relevant part, "…nor shall private property be taken for public use without just compensation."

151.    In the event it cannot reach agreement with property owners on the compensation to be paid, or to acquire storage rights by contract, Defendant is given the power of eminent domain by the Natural Gas Act, 15 U.S.C. § 717f(h). Nevertheless, Defendant has taken

Plaintiffs' properties without attempting to reach agreement or to acquire the rights by contract and without exercising its rights of eminent domain.

152.    Plaintiffs hold legal title to or mineral rights in properties that have been taken by Defendant through its use of those properties for the storage of natural gas without compensation.

153.    Defendant intended to invade Plaintiffs' properties when it injected natural gas into the storage fields.

154.    Invasion of Plaintiffs' properties by Defendant's storage gas was a direct, natural or probable result of Defendant's actions in intentionally injecting storage gas into the storage fields.

155.    It was reasonably foreseeable by Defendant that the storage gas it injected into the storage fields would invade Plaintiffs' properties.

156.    Defendant's actions have caused the invasion of storage gas into Plaintiffs' properties.

157.    As a result of Defendant's actions, Defendant has appropriated to itself a benefit belonging to Plaintiffs by storing its natural gas under Plaintiffs' properties without paying just compensation.

158.    Defendant's actions prevent Plaintiffs from benefiting from the full use and enjoyment of their properties, including with respect to their mineral rights.

159.    Defendant's acts and omissions in storing its natural gas on the properties of Plaintiffs without just compensation is substantial and amounts to such an interference with and invasion of Plaintiffs' property rights as to amount to a compensable taking in violation of the 5th Amendment of the United States Constitution.

160.    As a result of Defendant's acts and omissions in storing its natural gas on the properties of Plaintiffs, Plaintiffs have suffered damages and will incur additional damages in the future including but not limited to increased costs to plug any existing wells, increased costs to drill through the storage fields to deeper geologic zones, diminution in the value of the mineral rights, the loss of the full use and enjoyment of the property, the loss of the commercial value of the property, the loss of the right to develop and product the native gas and other minerals that exist there, and the value of the underground storage capacity Defendant misappropriated.

161.    Plaintiffs' properties have been taken and injured by Defendant without payment of just compensation and damages.

162.    As a result of the foregoing unlawful taking of Plaintiffs' properties, Defendant is liable for payment of just compensation and damages to Plaintiffs.

## COUNT VI: DECLARATORY JUDGMENT

163.    Plaintiffs incorporate by reference the preceding paragraphs as if fully rewritten herein.

164.    The Fifth Amendment to the United States Constitution provides, in relevant part, "…nor shall private property be taken for public use without just compensation."

165.    In the event it cannot reach agreement with property owners on the compensation to be paid, or to acquire storage rights by contract, Defendant is given the power of eminent domain by the Natural Gas Act, 15 U.S.C. § 717f(h). Nevertheless, Defendant has taken Plaintiffs' properties without attempting to reach agreement or to acquire the rights by contract and without exercising its rights of eminent domain.

166.    Plaintiffs hold legal title to or mineral rights in properties that have been taken by Defendant through its use of those properties for the storage of natural gas without compensation.

167.    Plaintiffs ask that this Court declare the rights of Plaintiffs and the duties of Defendant, specifically that Plaintiffs are entitled to just compensation for Defendant's use of their properties for the storage of gas, that Defendant has a duty to attempt to reach agreement with respect to the compensation to be paid or to obtain its storage rights by contract, and if agreement on the amount Defendant is to pay for its gas storage rights cannot be reached, Defendant must acquire the rights by eminent domain, all as required under the Natural Gas Act, 15 U.S.C. § 717f(h).

## COUNT VII: PERMANENT INJUNCTION

168.    Plaintiffs incorporate by reference the preceding paragraphs as if fully rewritten herein.

169.    Defendant is storing natural gas on the properties of Plaintiffs without any contractual or legal right to do so.

170.    Prior to agreement with Defendant on the compensation to be paid, entering into a contract, or, if agreement cannot be reached, the completion of eminent domain proceedings by Defendant, Plaintiffs have the right to use their properties, including the mineral rights associated with those properties, free of Defendant's interference and intrusion.

171.    Plaintiffs have no adequate remedy at law to prevent Defendant from using their properties for the storage of gas or from taking their native natural gas without paying just compensation.

172.    Defendant has full knowledge and control over its own storage activities.

27

173.    Because of Defendant's secrecy regarding its certificated boundaries, Defendant is improperly able to use Plaintiffs properties without their knowledge and Plaintiffs are unable to prevent Defendant from using their properties for storage, or from taking native natural gas, without paying just compensation if Defendant does not voluntarily approach them to reach agreement on the compensation to be paid, or to acquire the rights by contract, or, if agreement cannot be reached, to acquire the rights by eminent domain.

174.    Defendant would not be substantially harmed if it were prevented from using Plaintiffs' properties to store natural gas or from taking their native gas without paying just compensation.

175.    The balance of equities between the Defendant and the Plaintiffs weigh in favor of granting an injunction here.

176.    The public interest would be served by granting an injunction, to ensure that the private property is not taken for a public use without payment of just compensation in violation of the law and of the rights granted by the 5th Amendment to the United States Constitution.

177.    As a result, Plaintiffs and the class members are entitled to a permanent injunction preventing Defendant from using their properties to store natural gas and from taking their native gas unless and until Defendant enters into an agreement as to the compensation to be paid, acquires its storage rights by contract, or, if no agreement can be reached, completes eminent domain proceedings.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, request relief as follows:

    a.  Just compensation and compensatory damages in amounts to be proven at trial

    b.  Punitive damages

c. Pre- and post-judgment interest

d. Reasonable attorneys' fees

e. A declaration that Defendant must attempt to reach agreement with Plaintiffs with respect to the compensation to be paid for its gas storage rights or to obtain its storage rights by contract, and if agreement on the amount Defendant is to pay for its gas storage rights cannot be reached, Defendant must acquire the rights by eminent domain, as required under the Natural Gas Act, 15 U.S.C. 717f(h).

f. A permanent injunction barring Defendant from storing natural gas on Plaintiffs' properties and from taking native natural gas from those properties until Defendant has reached agreement on the compensation to be paid to the property owners, has obtained storage rights by contract, or has completed eminent domain proceedings with respect to each property.

g. Such other and further relief to which Plaintiffs may be entitled.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted,

By  /s/ *Elizabeth M. Tarasi*
    **Elizabeth M. Tarasi**
    PA I.D. No. 62057

By  /s/ *Louis M. Tarasi, Jr.*
    **Louis M. Tarasi, Jr.**
    PA I.D. No. 01042

    TARASI & TARASI, P.C.
    510 Third Avenue
    Pittsburgh, PA  15219
    Telephone:  (412) 391-7135
    Telefax:  (412) 471-2673
    emt@tarasilaw.com
    lmt@tarasilaw.com

    **AND**

    **Jordan H. Walker**
    Indiana Bar No. 31122-49
    Illinois Bar No. 6310424
    *(Pending Pro Hac Vice)*
    SEVER STOREY, LLP
    881 3rd Ave. SW, Suite 101
    Carmel, IN  46032
    Telephone:  (317) 575-9942
    Telefax:  (317) 575-9943
    Jordan@landownerattorneys.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFFS**