# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA ASBURY, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 18-1005 |
| v. | ) Judge Cathy Bissoon |
| EQT CORPORATION, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Defendants' Motion to Dismiss (Doc. 19) will be denied, except as described below. Defendants' arguments regarding statutes-of-limitation are, in this context, premature. *See* Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015) ("if the pleading does not reveal when the limitations period began to run, then the statute of limitations cannot justify Rule 12 dismissal") (citation to quoted source omitted). So too are Defendants' challenges to Plaintiffs' class allegations. *Compare* Defs.' Br. (Doc. 20) (disputing Plaintiffs' ability to satisfy Rule 23 requirements) *with* Gillibeau v. City of Richmond, 417 F.2d 426, 432 (9th Cir. 1969) ("compliance with Rule 23 is not to be tested by a motion to dismiss"); *accord* Ulferts v. Franklin Res., Inc., 554 F. Supp.2d 568, 571 (D. N.J. 2008) (citing and quoting Gillibeau).

The only aspect of the Motion to gain traction is Defendants' objection that Plaintiffs' allegations do not differentiate between them. *Compare* Am. Compl. (Doc. 17) at pg. 3 (indicating that Defendants collectively would be referred-to as "Defendant," but providing no further allegations in support of such treatment) *with* Defs.' Br. at 6 (collecting cases rejecting inadequately-supported grouping and/or lack of differentiation between defendants). Plaintiffs have not offered much resistance, indicating that, if necessary, they will amend their pleadings.

*Cf.* Pls.' Opp'n Br. (Doc. 22) at 8 (indicating that Defendants "[p]artner[ed]" and/or acted in concert).

Plaintiffs will be afforded leave to amend. Having already once amended their pleadings, they must make last, best efforts, because the Court does not anticipate granting further opportunity.[1]

Consistent with the foregoing, Defendants' Motion to Dismiss (**Doc. 19**) is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiffs shall file a second amended complaint by **July 9, 2019**.

IT IS SO ORDERED.


June 25, 2019                                            s\Cathy Bissoon
                                                                      Cathy Bissoon
                                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] It seems likely that good-faith compliance with the Court's standard Order (Doc. 2) regarding Rule 12(b) motion-procedures could have avoided the need for amendment. *Id.*; *cf.* Defs.' Certif. of Compliance (Doc. 19-2) ("counsel for Defendants ha[ve] made good faith efforts to confer with counsel for Plaintiffs regarding whether the issues raised in [the] Motion to Dismiss may be cured by amendment, but [were] unable to reach Plaintiffs' counsel"). For future reference, counsel are cautioned that non-compliance with the standard Order (or any other Order, for that matter), may result in the entry of sanctions; in this context, denial of a request for leave to amend, and/or the assessment of costs and attorneys' fees resulting from an avoidable 12(b)-motion.