IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA ASBURY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-1005 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| EQT CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff's Motion (Doc. 100) for class certification will be granted, with instructions.

Plaintiff's evidence, confirmed by the public record, reveals Defendants' recognition that their efforts to fulfill their duties to secure land-use rights regarding the gas storage fields covered in the relevant 2007 FERC order − and their concomitant duty to compensate landowners − have not been completely satisfied. *See generally* Pl.'s. Br. (Doc. 101) at pgs. 3-7 (citing public records and other evidence).[1]  Given that over 100 potentially affected landowners have, at some point, agreed to join this lawsuit (and, yet, have not filed individual lawsuits) strongly counsels in favor of class treatment.  In sum, it would seem in *everyone's* best interests to resolve this case on a class basis, Defendants for the purpose of manageably resolving their land-use rights and liabilities, and for the putative plaintiffs, to receive just compensation.

---

[1] Any distinctions of identity between Defendants, all of whom are represented by the same counsel, are immaterial to the Court's analyses and conclusions herein.  Such distinctions may be relevant to which Defendant or Defendants ultimately may be liable, through the class vehicle or otherwise.  But those determinations are unnecessary to, and need not be addressed by, the Court's present rulings.

Whether recovery is owing to a given parcel's surface landowner, or the owner of oil and gas rights beneath (to the extent ownership differs), is the type of common question suitable for class resolution. And, although Defendants argue that trespass actions only may be brought by the landowner who possessed the property when a permanent trespass originated, *see* Defs.' Opp'n Br. (Doc. 104) at 7-8, they have not convinced the Court that all of Plaintiff's theories of recovery likewise fail; or, more generally, that the class representative, Domenic Laudato, Jr., lacks standing.[2]

In sum, the Court is convinced, and therefore holds, that class treatment is appropriate. The only issue, however, is Plaintiff's proposed class definition. In the undersigned's view, the problems are two-fold.

First, the proposed recoupment of the value of landowners' "native gas," presumably captured in Defendants' gas storage fields, proves incapable of class treatment. That theory necessarily would require, for each parcel, an inquiry into whether oil and gas rights were severed from surface rights through innumerable land conveyance(s). Such an endeavor would degenerate into mini-trials, on a parcel by parcel basis, to examine who, if anyone, may be entitled to "native gas" compensation. Plaintiff apparently recognizes that the native gas claims are problematical, given that his Reply brief all but abandons the theory. *See* Doc. 106 at 1-2 (emphasizing Plaintiff's ownership of gas <u>storage</u> rights, not gas itself, and arguing that

---

[2] The Court agrees with Plaintiff that issues remain regarding whether Defendants' gas storage activities constituted a "permanent" trespass, versus separate repeated instances. *See* Pl.'s Reply (Doc. 106) at 3-4. Even were the Court to accept Defendants' arguments regarding Mr. Laudato, moreover, the result wished by Defendants − abandonment of the class vehicle − is by no means a necessary conclusion. *See* 2 McLaughlin on Class Actions § 12:3 n.1 (17th ed. Oct. 2020) ("[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case . . . is a common and normally an unexceptional ('routine') feature of class action litigation") (citing and quoting <u>Phillips v. Ford Motor Co.</u>, 435 F.3d 785, 787-88 (7th Cir. 2006)).

Defendants "tacitly [have] admitted that the surface owners are the rightful claimants") (internal capitalization omitted).

Second, Plaintiff's proposed class definition has no temporal limitations, beginning or ending, for participation. *See* 2d Am. Compl. (Doc. 30) at ¶ 135 (proposing that the class comprise of "[a]ll persons and/or entities that own and/or owned real property − and/or natural gas storage rights to real property − located within the certificated [word-choice in original] boundaries of one or more of the Gas Storage Fields for any period of time [after] Defendants' inception of the respective gas storage field," dating back to the 1930s and 1940s, depending on the field in question). Statute-of-limitations issues aside, purporting to certify a class of landowners, including successive owners of the same parcels dating back through the 1930s and 1940s, is facially unworkable. Such adventure would degenerate into a series of mini-trials, to investigate countless land conveyances that may have transpired for each parcel.

If the scope of relief were so broadly drawn, the class vehicle would be doomed to fail. The Court refuses, however, to let the perfect be the enemy of good. Thus, the parties will be ordered to meet and confer, to discuss reasoned and reasonable temporal limitations.[3]

Although the parties are better positioned than the Court to consider these matters in the first instance, a number of potential landmarks present in the record. This case, and the storage fields in question, originate from a FERC order issued in 2007. Plaintiff, moreover, relies heavily on SEC filings by Defendant(s), and/or their predecessor(s), beginning in 2015; and reference is made to Defendant(s)' "2009-2015 program to secure the remaining gas storage rights." *See* Doc. 101 at 4; *cf. also* Doc. 106 at 3 (quoting July 28, 2017 letter from Defendant

---

[3] Notwithstanding its prior admonitions, the Court will allow further amendment of the pleadings if doing so is necessary or helpful to establishing a reasoned and reasonable class definition.

EQT's counsel to Plaintiff's counsel, expressing "[a] willingness to negotiate a lease" with specified landowners, including Mr. Laudato). Class definitions often include an end date for participation, moreover, and events in this litigation (*e.g.*, the date of the filing of the Complaint, Amended Complaint(s) or the date of the Court's ultimate class certification order) may provide a workable endpoint.

Assuming Defendants are, true to their words, desirous of resolving the potential liabilities flowing from their use of the FERC-sanctioned gas fields, it would appear in their interests to agree upon a crafted, rational class-definition, for the purposes of finality and for obtaining, to a reasonable degree of certainty, preclusive effect. To further assuage their anticipated concerns, moreover, the Court hereby holds that their participation in the meet-and-confer process is without prejudice to, and with full reservation of rights regarding, their positions in challenging on appeal the determination that class treatment is warranted.

Finally, Defendants' Motion (Doc. 105) to strike the opinions and testimony of Plaintiff's experts will be denied. While Plaintiff's prior failures are not insubstantial, and they are lacking in adequate excuse, Plaintiff's counsel since has engaged in sufficient remedial measures such that striking the experts would be a disproportionate sanction. Defendants may, however, file a motion for the payment of costs and fees *directly* associated with Plaintiff's prior deficiencies (to the extent calculable).

Consistent with the foregoing, the parties have until **November 2, 2021** to meet and confer regarding the establishment of an appropriate class definition.[4] Should they reach

---

[4] The Court unquestionably has "broad discretion to redefine the class, whether upon motion or *sua sponte*." Walney v. SWEPI LP, 2015 WL 5333541, *28 (W.D. Pa. Sept. 14, 2015) (citation to quoted, and other collected sources, omitted). Allowing the parties an opportunity to reach agreement regarding the class definition, or submit competing proposals, is consistent.

agreement, the parties promptly shall file a joint motion for approval of the class definition, along with any other proposals regarding the form, timing and procedures for providing class notice.

Should the parties reach agreement regarding some, but not all, of the above, they shall file a joint notice indicating the areas of agreement; explaining where they disagree; and providing competing proposals, along with legal briefs in support of their respective positions. If no agreement can be reached, they shall, by the date indicated, submit competing proposals, and legal briefs in support thereof; and the Court summarily will adopt the side's proposals that are most reasonable and consistent with the law.

In light of the rulings and parameters established above, the Court believes that this case would benefit from another round of mediation. Should the parties agree, the Court is amenable to having notice and settlement approval be approached through that means.[5] The Court, moreover, is willing to suspend the parties' filing requirements while the prospect is explored and/or completed.

Last, for the duration of time it takes for the parties and/or the Court to formulate an appropriate class definition, and to determine the provision of class notice, this case is and shall remain **STAYED** and **ADMINISTRATIVELY CLOSED**. Administrative closure is a docket control device used for statistical purposes, and it does not prejudice the rights of the parties in any manner. As and when appropriate, the case promptly will be reopened and the stay lifted.

---

[5] Should settlement discussions be entertained, counsel are alerted to the notice requirements in the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1715(b) through (d).

Consistent with the above, Plaintiff's Motion (**Doc. 100**) for class treatment is **GRANTED**,[6] and Defendants' Motion (**Doc. 105**) to strike Plaintiffs' experts is **DENIED**.

IT IS SO ORDERED.

September 29, 2021                                         s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[6] To be clear, the Court finds that the Rule 23 prerequisites have been met, for many of the same reasons stated in Plaintiff's briefing (and once the changes to class-definition, as contemplated herein, are taken into account). Specifically, the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class. Should it ultimately be determined that gas storage rights are held by the oil and gas estate instead of the surface landowner − a proposition the Court, frankly, doubts based on its initial consideration – appropriate class representative(s) may be substituted. *Cf.* Mosser v. Denbury Res., Inc., 112 F.Supp.3d 906, 919 n.10 (D. N.D. 2015) ("the prevailing view in most jurisdictions appears to be that the subsurface pore space belongs to the surface owner") (collecting cases)