IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA ASBURY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 18-1005 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| EQT CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Plaintiff's renewed Motion for class certification (Doc. 127, as amended in Doc. 129) will be denied.

Before reaching the certification issue, the Court will dispense with some secondary matters. Defendants EQT Corporation and EQT Production Company oppose certification on the basis that neither have had any involvement with the Storage Fields, and thus are not proper parties to the case. *See* Doc. 135. Plaintiff has not resisted these Defendants' arguments and evidence, and it appears that the claims against them rightly may be terminated, voluntarily or otherwise. In conferring regarding how this litigation will proceed, as ordered below, counsel should discuss this issue and, as appropriate, consider how to allow these Defendants out of the case. Absent agreement, defense counsel may propose procedures for filing an appropriate motion under Rule 12.

Next is Defendants' Motion (Doc. 136) to strike the opinions of Plaintiff's experts, Chad Staller and David Burgoyne. The Motion will be denied as moot, because the experts'

opinions have no bearing on the Court's conclusions regarding Plaintiff's inability to meet his burdens under Rule 23.[1]

Now, to the main event. Much has transpired since the Court last reached Plaintiff's request for class certification. Obviously, the Court's preliminary Order regarding class certification was reversed. Meanwhile, Plaintiff has submitted a revised proposed class definition, *see* Doc. 114, and Defendants have offered full-throated objections. *See* Doc. 115. Then there is the District Court for the Southern District of West Virginia's decision in <u>Parsons v. Columbia Gas Transmission</u>, denying class certification based on a materially similar class definition. *Id.*, 2022 WL 4809492 (Sept. 30, 2022). The law firms in this case are the same as those in <u>Parsons</u>, and counsel undoubtedly are familiar with that case.

At bottom, the request for class treatment presents two primary, competing considerations. First is Defendants' duty and efforts to compensate owners for use of the gas fields on/under their property. This can be expected to generate common legal issues, applicable to numerous putative class members—more-so here than in <u>Parsons</u>, given that these claims relate to a specific 2007 FERC order, and because of Defendants' statements on the public record recognizing both a duty of compensation and that their efforts are/were incomplete. *See* Order at Doc. 109.

On the other hand, there is the significant matter of determining those property owners rightly owed compensation. This was the central reason the <u>Parsons</u> Court denied class certification. And although Plaintiff's redefinition of the class − limiting relief to owners with current property interests − eliminates a number of prior concerns, the Court now is persuaded

---

[1] As of now, the sole named Plaintiff is Domenic Laudato, Jr. *See* text-Order dated May 4, 2020 (Doc. 73) (terminating without prejudice the claims of all other named plaintiffs, including those of Patricia Asbury). If and as appropriate, the parties may file a motion to amend the caption.

that the individualized inquiries required to determine valid property rights swallow the perceived benefits of class treatment.

Defendants have done a good job of demonstrating the numerous, thorny issues that may and will arise based on the evidence regarding known, presumed class members. *See, e.g.*, Doc. 134 at 3 (Plaintiff Laudato owns the surface rights to two parcels within the Finleyville Field, but does not own oil and gas rights); *id.* at 13 (former named plaintiffs Daniel and Brenda Gillard own both the surface and oil and gas rights); *id.* at 5 (forty-eight parcels held by former named plaintiffs are subject to or partially subject to storage leases); *id.* at 11 (former named plaintiffs Donald and Eileen Degenhardt own a parcel outside of any Storage Field); *and id.* at 13 (former named plaintiffs Bonnie Swisher and Nicole and Tammy DiLiscia purchased their surface rights subject to the sellers' reservations of storage rights).

Plaintiff's proposals for resolving such issues are unsatisfying. Plaintiff suggests that putative class members, in essence, may establish a *prima facie* case of ownership by way of sworn written submissions; and that any title disputes may be addressed through claims administration. *See* Doc. 128 at 23, 27-28, 30. Defendants rightly observe that this would shift Plaintiff's burdens to them. And the Parsons Court rejected this methodology, as inconsistent with the law. *See id.* at *8 (rejecting the plaintiffs' suggestion that any title disputes could be settled as part of claims administration, because "[t]he extensive individualized title questions related to each unique property . . . are included in, and directly tied to, the [proposed] class definition"). On these points, Defendants' arguments, and the Parsons Court's conclusions, are persuasive.

3

The problems with Plaintiff's approach come into sharpest relief when considering ascertainability, under Rule 23(b)(3).[2]  The Court of Appeals for the Third Circuit demands that there be "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." In re Niaspan Antitrust Litig., 67 F.4th 118, 130 (3d Cir. 2023) (citation to quoted source omitted).  If the only proof of class membership "is the *say-so of putative class members* or *if ascertaining the class requires extensive and individualized fact-finding*," "class certification will founder." *Id.* at 130-31 (italics supplied).

Ascertainability aside, the problems identified by Defendants and the Parsons Court undermine Plaintiff's ability to carry his burdens regarding commonality,[3] typicality,

---

[2]  Plaintiff presents a menu, in terms of the types of class actions available, proposing every option:  an "inconsistent or varying adjudications" or "disposit[ion] of the interests of the other members" class, under Rule 23(b)(1); a class action for declaratory or injunctive relief under 23(b)(2); a predomination of common questions of law or fact, under Rule 23(b)(3); and certification regarding particular issue(s), under Rule 23(c)(4).  For reasons too lengthy to recount here, most of the categories are ill fitting, if not fatally flawed, based on the specifics of this case.  *See, e.g.*, Sullivan v. DB Investments, Inc., 667 F.3d 273, 317-18 n.52 (3d Cir. 2011) (Rule 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages") (citation to quoted source omitted); Carollo v. United Capital Corp., 528 F.Supp.3d 37, 58 (N.D.N.Y. 2021) ("the paradigmatic case" under Rule 23(b)(1)(A) is one arising under ERISA) *and* Parsons at *12 (effectively distinguishing other types of cases brought under Rule 23(b)(1)(A)); Jacobs v. Verizon Commc'ns Inc., 2020 WL 4601243, *13 (S.D.N.Y. Jun. 1, 2020) (Rule 23(b)(1)(B) applies in "limited-fund cases").  The most fitting category is a claim for money damages under Rule 23(b)(3).  Gatore v. Dept. of Homeland Sec., 2023 WL 2576176, *3 (D.C. Cir. Mar. 21, 2023) ("It is commonly said that Rule 23(b)(3) class actions are money damages class actions.") (citation to quoted source omitted).  In any event, the difficulties presented by Plaintiff's proposals bleed into every type of class action listed, and Defendants' more detailed arguments, as relate to the specific vehicles, are incorporated by reference.

[3]  "What matters to class certification . . . is not the raising of common questions − even in droves − but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." Ferreras v. American Airlines, Inc., 946 F.3d 178, 185 (3d Cir. 2019) (citation to quoted source omitted).  Plaintiff has failed to demonstrate workable protocols for eliminating "[d]issimilarities within the proposed class," thereby allowing for the useful "generation of common answers."  *See id.*

cohesiveness, predominance, manageability and superiority.  And although this Court has held, and still believes, that common issues of law will present, the individualized inquiries necessitated by the delineation of property rights defeat the utility of class treatment.

As relates to the prior decision on certification, the Court acknowledges that its position has evolved.  The undersigned does not reach Plaintiff's current request in a vacuum, however, and it now has the benefit of additional briefing regarding the proposed class definition, and the persuasive authority in Parsons.  In the undersigned's view, it is better for the Court to make the correct decision, than to vehemently insist it was "right all along."  As the Circuit Court has made clear, "[i]f a district court harbors uncertainty about whether the plaintiff has satisfied the requirements of Rule 23, class certification should be denied."  Niaspan, 67 F.4th at 130.

Importantly, the Court notes that a denial of class treatment, while significant, need not be seen as the "end of the road" for rightly aggrieved property owners.  As the Advisory Committee Notes to Rule 23 indicate:

> [Even when] common questions predominate[, this] is not itself sufficient to justify a class action under subdivision (b)(3), for another method of handling the litigious situation may be available which has greater practical advantages.  Thus one or more actions agreed to by the parties as test or model actions may be preferable to a class action; or it may prove feasible and preferable to consolidate actions.

*Id.* (commentary regarding 1966 amendments).

A review of the docket in Parsons, post-denial of certification, indicates that such alternative paths are well under way in that case.  Counsel's experience there should provide insights regarding how this matter (including any subsequent individual lawsuits or requests for

joinder) may efficiently and effectively be handled.  *Cf.* text-Order dated May 4, 2020 (Doc. 73) (approving stipulated dismissal of former named plaintiffs, "without prejudice").[4]

Consistent with the discussions above, Plaintiff's renewed Motion for class certification (**Doc. 127**, as amended in **Doc. 129**) is **DENIED**, and Defendants' Motion (**Doc. 136**) to Strike Plaintiff's expert opinions is **DENIED AS MOOT**.  Should any party file a petition for permission to appeal, pursuant to Fed. R. Civ. P. 23(f), counsel promptly shall file a notice in this case so that the Court is aware.  If no such petition timely is filed, the Court will issue an order regarding next steps.

IT IS SO ORDERED.


June 26, 2023                                            s/Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[4] As Plaintiff highlights, and Defendants surely are aware, counsel's intimate familiarity with the facts and circumstances surrounding ownership, regarding a number of parcels, is in tension with its protestations regarding ascertainability (if only in a broader sense of the word). While Defendants' knowledge and familiarity do not demonstrate that class treatment is appropriate, the Court remains hopeful that this litigation will be seen as an opportunity to efficiently compensate owners rightly owed, consistent with Defendants' acknowledgements on the public record.